UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARIHSON BROOKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | JUDGE |
| THE CITY OF CHICAGO, a Municipal ) | |
| Corporation, MATTHEW COYLE (#9717), ) | Magistrate Judge |
| MATTHEW DUPLESSIS (#11974), MICHAEL ) | |
| MONTOYA (#18760), & YASHICA ) | |
| BLACKMAN (#17483), ) | Jury Trial Demanded |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES Plaintiff, HARIHSON BROOKINS (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, The Law Office of Julian Johnson, LLC, for Plaintiff's Complaint and jury demand against Defendants the CITY OF CHICAGO, Illinois, a municipal corporation, MATTHEW COYLE, MATTHEW DUPLESSIS, MICHAEL MONTOYA, and YASHICA BLACKMAN, and states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff HARIHSON BROOKINS is a resident of Chicago, Illinois.

5. At all relevant times, Defendants MATTHEW COYLE, MATTHEW DUPLESSIS, MICHAEL MONTOYA, and YASHICA BLACKMAN were City of Chicago Police Department employees, employed by the City of Chicago, acting under color of law and within the course and scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of this incident in this case, was the employer and principal of Defendants MATTHEW COYLE, MATTHEW DUPLESSIS, MICHAEL MONTOYA, and YASHICA BLACKMAN. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants MATTHEW COYLE, MATTHEW DUPLESSIS, MICHAEL MONTOYA, and YASHICA BLACKMAN on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On July 1, 2024, Plaintiff was walking at or near the 5700 Block of South Aberdeen in Chicago, Illinois.

8. Plaintiff had committed no crime and there were no reports from anyone of Plaintiff being involved in criminal activity.

9. Defendants COYLE and DUPLESSIS were in their Chicago Police vehicle when they observed Plaintiff walking.

10. Before observing Plaintiff walking, Defendants COYLE and DUPULESSIS did not see Plaintiff commit any crime.

11. Defendants COYLE and DUPLESSIS approached Plaintiff as he was walking.

12. Plaintiff became scared and decided that he did not want to be harassed by the Chicago police, so he left the area.

13. Defendants COYLE and DUPLESSIS ran after Plaintiff.

2

14. Defendants BLACKMAN, COYLE and DUPLESSIS stopped, seized, and arrested Plaintiff on the 5700 block of South Racine.

15. Plaintiff did not resist arrest. He allowed himself to be arrested.

16. Defendants MONTOYA, BLACKMAN, COYLE, DUPLESSIS and other Chicago police officers proceeded to search a lot near 5600 South Racine. The lot was full of cars, trucks, junked (inoperable) vehicles, and trash.

17. Defendant MONTOYA settled upon a piece of trash and claimed that it was a slide to a replica firearm.

18. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS falsely claimed that Plaintiff was in possession of this slide and that it was a part of a weapon that he was carrying when Defendants COYLE and DUPLESSIS first observed him.

19. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS arrested and charged Plaintiff with possessing the replica firearm, resisting arrest, and obstruction.

20. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS also signed criminal complaints charging Plaintiff with these offenses.

21. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS knew these charges were false and proceeded with Plaintiff's criminal prosecution anyway.

22. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS fabricated police reports stating that Plaintiff was seen carrying a weapon and engaged in criminal conduct.

23. Criminal proceedings were initiated against Plaintiff, and he was forced to defend himself against false charges.

24. On or about May 2, 2025 and June 23, 2025, charges against Plaintiff were dismissed by the Cook County State's Attorney and the City of Chicago after learning that Plaintiff was innocent and

3

the charges against Plaintiff could not be maintained in light of the evidence. The charges were dismissed in a manner indicative of innocence.

### COUNT I - 42 U.S.C §1983
### False Arrest – Montoya, Blackman, Coyle, and Duplessis

25. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-24 as if fully stated herein.

26. As described in the above paragraphs, Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS arrested Plaintiff without probable cause.

27. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS concealed and hid evidence, and fabricated police reports stating that Plaintiff possessed a weapon, resisted arrest, obstructed, and engaged in reckless conduct.

28. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

29. As a result of this misconduct, Plaintiff suffered loss of liberty, and other damages.

WHEREFORE, Plaintiff, HARIHSON BROOKINS, prays for judgment in his favor and against Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT II - 42 U.S.C §1983
### Federal Malicious Prosecution – Montoya, Blackman, Coyle, and Duplessis

30. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-29 as if fully stated herein.

31. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS proceeded with charges against Plaintiff knowing they were false and lacked probable cause.

4

32. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was intentional, malicious, and willful indifference to the Plaintiff's constitutional rights.

33. Plaintiff's criminal charges were dismissed approximately on or about May 2, 2025, and June 23, 2025.

34. As a result of the conduct of Defendant Officers, Plaintiff suffered fear, loss of liberty, emotional anxiety, emotional distress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, HARIHSON BROOKINS, prays for judgment in his favor and against Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT III - Illinois State Law
### Malicious Prosecution – Montoya, Blackman, Coyle, Duplessis, and the City of Chicago

35. Plaintiff realleges and incorporates the factual allegations in paragraphs 1-34 as if fully stated herein.

36. As described above, Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, and the City of Chicago, by and through its agents and/or employees, arrested, commenced and/or continued criminal proceedings against Plaintiff, or caused to be commenced and/or continued criminal proceedings against the Plaintiff, without probable cause or legal justification. Plaintiff was charged because of the false accusations of the Defendant officers.

37. Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, and the City of Chicago, by and through its agents, undertook these actions intentionally and with malice.

5

38. On or about May 2, 2025, and June 23, 2025, all criminal charges against Plaintiff were dismissed and the case against Plaintiff was terminated in his favor in a manner indicative of innocence.

39. As a result of the conduct of Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, and the City of Chicago, by and through its agents, Plaintiff suffered fear, loss of liberty, emotional anxiety, emotional distress, pain and suffering, and other damages.

WHEREFORE, Plaintiff, HARIHSON BROOKINS, prays for judgment in his favor and against Defendants MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, awarding compensatory damages, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT IV - Illinois State Law
## Indemnification – City of Chicago

40. Each of the foregoing paragraphs is incorporated as if fully restated herein.

41. At all relevant times, Defendant CITY OF CHICAGO was the employer of the Individual Defendants.

42. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities

43. The Individual Defendants committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

44. As a proximate cause of the Individual Defendants' unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff, HARIHSON BROOKINS, suffered physical, monetary, and emotional injuries.

WHEREFORE, Plaintiff, HARIHSON BROOKINS, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant CITY OF CHICAGO, in the amounts awarded to Plaintiff

6

against the Defendants, MONTOYA, BLACKMAN, COYLE, and DUPLESSIS, and for whatever additional relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts.

**DATED**: October 31, 2025              Respectfully Submitted,

                                         Harihson Brookins, Plaintiff

                                By:      /s/ Julian Johnson
                                         Plaintiff's Attorney
                                         The Law Office of Julian Johnson, LLC
                                         125 South Wacker Drive, Suite 300
                                         Chicago, Illinois 60606
                                         Phone: 312-487-1711
                                         julian@julianjohnsonlaw.com